REVISED November 28, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 05-41601

GENE EDWARD HOWLAND

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas, Galveston

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:

Gene Edward Howland, Texas prisoner # 763638, was convicted by a jury of two counts of aggravated sexual assault and two counts of indecency with a child by contact on December 11, 1995, and sentenced to a combined fifty years in prison. Subsequently, the district court dismissed his federal habeas petition with respect to the first sexual assault count as time-barred under the Antiterrorism and Effective Death Penalty Act, but granted Howland a certificate of appealability on the issue of whether equitable tolling should have applied as to the second count because his state petition was never received by

the state court. Howland further requested that this court expand the certificate of appealability to include the issue of whether the prison mailbox rule should apply to his state habeas filings in light of Warner v. Glass, 135 S.W.3d 681 (Tex. 2004). This court liberally construed Howland's argument as one for statutory tolling and granted an expanded certificate on the issues of whether the prison mailbox rule applies to Texas state habeas filings, even if they are never received by the state court, and if so, whether Howland's § 2254 petition is rendered timely due to statutory tolling. We answer both in the negative and AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Howland on December 11, 1995, of two counts of aggravated sexual assault, with each count carrying a sentence of twenty years in prison, and two counts of indecency with a child by contact, with each count carrying a five year prison sentence. Howland's convictions were affirmed on direct appeal by the Houston Court of Appeals (1st District) on March 12, 1998, and affirmed by the Court of Criminal Appeals on March 31, 1999. On October 4, 1999, the Supreme Court denied certiorari and subsequently denied rehearing on May 15, 2000.

On August 26, 2000,[1] Howland delivered a state habeas application, which he says challenged all four counts, to the prison authorities to be sent via certified mail. After months passed without word, Howland sent a letter to the state court on October 20, 2000, inquiring into the status of his petition. On March 27, 2001, he sent another letter accompanying a motion to amend his state habeas application, which he still could not confirm was received by the state court. Notably, he did not submit a copy of the original application. On

---

[1] The district court order and the parties' briefs state that he sent this original petition on August 28, 2000; however, a copy of the certified mail receipt on page 587 of the record clearly reflects that it was stamped on August 26, 2000.

May 3, 2001, Howland wrote a third letter seeking confirmation that the court received his August 2000 application. Finally, on May 7, 2001, he received a letter from the state court clerk stating that there was no record of any writ application filed in August 2000.

While attempting to discover the status of his August 2000 application, Howland filed separate state habeas petitions challenging each of the two counts of indecency with a child and the second aggravated sexual assault charge, on April 18, 2001, April 30, 2001, and January 14, 2002, respectively. Each was denied without written order.[2] He did not file another application challenging his first sexual assault count, which is at issue in this case.

On May 14, 2001, Howland resubmitted his original state habeas application, but it was rejected and returned to him because it was not submitted on the proper form. On May 21, 2001, Howland filed a motion to invoke the mailbox rule and implored the state court to consider his application, which it still had not received in the proper form. Finally, on January 11, 2002, Howland addressed an amended application on the proper form to the state court and sent it certified mail, stamped January 19, 2002. In its motion for summary judgment in the district court, the state offered an affidavit from the deputy court clerk stating that this petition was never received or filed by the state court either.

Subsequently, Howland filed the federal habeas petition at issue in this case, which was signed and dated June 27, 2002, challenging his convictions on all four counts. The state moved to dismiss the § 2254 petition as time barred. The magistrate judge recommended dismissal of the indecency counts and the second sexual assault count, but credited Howland's assertion that he had filed

---

[2] These separate petitions are not at issue in the case. However, Howland's ability to file them while he spent time trying to confirm that his first petition had been received is significant to the question of whether he diligently pursued his rights, which informs our consideration of his claim for equitable tolling.

a state petition for the first sexual assault count on August 28, 2000, and therefore recommended against dismissal of the claim for that count. The district court accepted the magistrate's recommendations. Both parties moved for summary judgment on the claim relating to the first sexual assault count. The district court granted summary judgment for the state based on the court clerk's affidavit that no state habeas petition was ever received to toll the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), and thus, the federal petition was dismissed as time-barred and unexhausted. The district court determined that equitable tolling did not apply because Howland had not diligently pursued his rights under state law, and because there was no evidence that state officials had interfered with his right to file a timely state petition.

Howland filed a timely notice of appeal. The district court granted a certificate of appealability on the equitable tolling issue, which this court expanded to include the issue of whether the prison mailbox rule should apply to his state habeas application in light of the Texas Supreme Court's decision in Warner, 135 S.W.3d 681.

## II. STANDARD OF REVIEW

The decision of a district court to deny a habeas application on procedural grounds is reviewed de novo. Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004). However, we review a district court's decision to deny equitable tolling for abuse of discretion, id. at 897, and its factual findings for clear error, Alexander v. Cockrell, 294 F.3d 626, 628 (5th Cir. 2002).

## III. DISCUSSION

As a preliminary matter, AEDPA provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which

4

> the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

§ 2244(d)(1)(A). The Supreme Court denied Howland's petition for certiorari on October 4, 1999. It is beyond dispute that a state petitioner's criminal conviction is "final for purposes of AEDPA's one-year limitations period, when his petition for certiorari [is] denied by the Supreme Court," not when his petition for rehearing is denied or his time to file for rehearing expires. Giesberg v. Cockrell, 288 F.3d 268, 271 (5th Cir. 2002). In this case, Howland's convictions were final and his limitations period began to run on October 4, 1999, not May 15, 2000, as Howland asserts.

AEDPA further provides that this limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending . . . ." § 2244(d)(2) (emphasis added). Thus, Howland asks this court to apply the prison mailbox rule and hold that his state petition was "properly filed" when he submitted it to prison officials on August 26, 2000. In the alternative, he asks us to hold that equity operates to toll his limitations period because his original state petition was lost in the mail. We decline Howland's invitations.

A. Statutory Tolling

Under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2) (emphasis added). It is well settled that "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." Causey v. Cain, 450 F.3d 601, 605 (5th Cir. 2006) (quoting Lookingbill v. Cockrell, 293 F.3d 256, 260 (5th Cir. 2002)) (alteration in Causey); see also Artuz v. Bennett, 531 U.S. 4,

5

8 (2000) (holding "an application [for state post-conviction relief] is 'properly filed' [for AEDPA purposes] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings") (emphasis in original); Larry, 361 F.3d at 893. Howland asks this court to apply the prison mailbox rule to determine when his state habeas petition was properly filed according to Texas law, thus tolling the AEDPA limitations period.

When it applies, the prison mailbox rule provides that an incarcerated pro se petitioner's papers are considered filed when they are deposited in the prison mail system. In Coleman v. Johnson, we declined to apply the prison mailbox rule to Texas state habeas petitions governed by article 11.07 of the Texas Code of Criminal Procedure. 184 F.3d 398, 402 (5th Cir. 1999).

Later, in Causey v. Cain, we held that the prison mailbox rule did apply to toll the AEDPA statute of limitations for Louisiana state habeas petitions because Louisiana has adopted a form of the prison mailbox rule for its state habeas filing requirements. 450 F.3d at 605-06. Also, in Causey, we recognized that a subsequent Texas Supreme Court decision, Warner v. Glass, 135 S.W.3d 681, may have affected the continued validity of Coleman. Causey, 184 F.3d at 605 n.7. Today, we hold that it did not.

In Warner, the Texas Supreme Court applied the prison mailbox rule to determine whether an inmate's civil action was filed within the limitations period under the Inmate Litigation Act ("ILA"). 135 S.W.3d at 684. "The Inmate Litigation Act applies to civil suits brought by inmates who file suit in forma pauperis." Id. at 683. The ILA contains a limitations period that requires a court to dismiss a claim not filed before the 31st day after the inmate exhausts his administrative remedies. TEX. CIV. PRAC. & REM. CODE § 14.005(b) (Vernon 2002). The Texas Supreme Court analogized to Rule 5 of the Texas Rules of Civil Procedure to reason that the prison mailbox rule should apply to the ILA's statutory filing requirement. Warner, 135 S.W.3d at 684.

6

However, the Texas Court of Criminal Appeals ("TCCA") has made it perfectly clear that a state petition for habeas corpus is not a civil suit, and the Texas Rules of Civil Procedure have no bearing on requirements under the Texas Code of Criminal Procedure. The TCCA announced:

> We do not believe that an application for a writ of habeas corpus filed pursuant to TEX. CODE. CRIM. PROC. art. 11.07 is a "civil action." Instead, we have said that when a person is confined for violating a criminal statute and files an application for a writ of habeas corpus challenging his confinement, the proceeding is criminal, not civil, in nature.

Aranda v. District Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006). The TCCA went on to explain that habeas proceedings "are categorized as 'criminal' for jurisdictional purposes, and the Texas Rules of Civil Procedure do not ordinarily apply." Id. (quoting Ex parte Rieck, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004)). Therefore, the Texas Supreme Court's adoption of the prison mailbox rule in the civil context under the ILA does not affect the state's treatment of filing requirements for state habeas petitions under the Texas Code of Criminal Procedure.

Further, even in the civil context, the mailbox rule applicable under Texas Rule of Civil Procedure 5 "does not deem a motion filed on the date it is placed in the mail when no filing deadline is involved." In re Hearn, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, no pet.). Article 11.07 does not contain any filing deadline or limitations period. In fact, as the district court pointed out, Howland could still file a state habeas petition challenging the first sexual assault count because no state petition has yet been received by the state court. Thus, even if Rule 5 were applicable, which it is not, the mailbox rule would not apply in this case under Texas law because article 11.07 does not contain a filing deadline.

Consequently, as Warner did not operate to change the filing requirements under article 11.07, this court's analysis in Coleman, 184 F.3d at 401-02, is still valid, and we decline to impose the prison mailbox rule upon the filing requirements for a state habeas application under Texas law. Consequently, we do not reach the issue of whether the failure to receive a petition at all impacts the application of the prison mailbox rule.

## B. Equitable Tolling

In the alternative, Howland asserts that because his federal petition has been affected by factors that he claims were out of his control—the mail system and the state court clerk's office—this court should grant him equitable tolling under § 2244(d)(1) as of August 28, 2000. We apply the doctrine of equitable tolling sparingly. As we have explained:

> The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. Equitable tolling will be granted in rare and exceptional circumstances, and will not be granted if the applicant failed to diligently pursue his rights. Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. [I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.

Larry, 361 F.3d at 896-97 (internal quotation marks and citations omitted) (alteration in Larry). In addition, the habeas petitioner bears the burden of establishing that equitable tolling is warranted. Alexander, 294 F.3d at 629.

Encapsulating the diligence and extraordinary circumstances test into two elements, the Supreme Court has stated, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Extraordinary circumstances preventing timely filing must be just that, extraordinary. In Alexander, for example, we held that a district court did not abuse its discretion in granting equitable tolling. There, the petitioner's federal habeas petition had been dismissed by the district court without prejudice for failure to exhaust state remedies, and when this court affirmed the dismissal on appeal, it used language that actively misled the petitioner into believing that regardless of the limitations period, if the state court denied relief, he could renew his federal petition. Alexander, 294 F.3d at 629-30.

In another case, a petitioner was not informed that his state petition had been denied until four months after the denial, but he filed an out-of-time state appeal within three days of learning that his state petition had been denied, and then, upon learning his subsequent state appeal was also denied, filed his federal habeas petition in less than one month. We held that equitable tolling would apply if there really had been a four month delay in his receiving notice. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

On the other hand, even when a state clerk mistakenly filed the petitioner's two separate applications for state habeas relief together, overlooking one claim, and did not correct the error until the petitioner contacted the clerk about the error one month later, we denied equitable tolling because the petitioner delayed six months from the time his state application was denied before he filed his federal application. Coleman, 184 F.3d at 402-03. We held that equitable tolling did not apply because the petitioner did not explain his six month delay and that delay, combined with the clerk's error, did not constitute extraordinary circumstances sufficient to find the district court abused its discretion in denying equitable tolling. Id. at 403. Similarly, in Melancon v. Kaylo, we denied equitable tolling because the petitioner waited just over four

months between learning that his state petition had been denied and filing his federal petition, and thus, failed to show extraordinary circumstances because he did not diligently pursue his rights. 259 F.3d 401, 408 (5th Cir. 2001).

In this case, the district court made a factual finding that the evidence failed to show that the state misled Howland in any way. Further, there was no evidence that state officials interfered with his right to file a writ in state court or failed to mail the writ in a timely manner. Howland alleges that the state court clerk "failed to answer correspondence until May 7, 2001," after he sent his initial state application on August 26, 2000, by "accident, coincidence, devise, or design." These allegations, however, are belied by his own admissions. Between August 26, 2000, and May 7, 2001, Howland properly filed two state habeas petitions, on April 18 and April 30, 2001, which the state court clerk processed without incident. Thus, we cannot conclude that the district court erred in finding that the state officials or the mail system did not interfere in Howland's diligent pursuit of his rights.

Further, although Howland argues that he diligently pursued his rights by attempting to track the status of his August 26, 2000, state application, he failed to explain why he did not simply refile his state petition before the AEDPA limitations period expired on October 4, 2000, and further, why he did not even attempt to file his state application until over ten months after his conviction became final. Even assuming Howland erroneously thought his conviction did not become final until after the Supreme Court denied rehearing on May 15, 2000, we have held that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Alexander, 294 F.3d at 629.

Even if Howland was uncertain as to the status of his state petition between August 26, 2000, and May 7, 2001, the Supreme Court has suggested that diligence might require the petitioner to file a "protective" habeas petition in federal court and to request a stay while he exhausts his state remedies.

Pace, 544 U.S. at 416. We expressly decline to determine whether a "protective" petition is necessary in this case. We do conclude, however, that the district court did not abuse its discretion in refusing to apply equitable tolling under these circumstances.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Howland's § 2254 petition as time-barred.

AFFIRMED.