# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 05-11419
Summary Calendar

BOBBY C DOAK

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

\* \* \* \* \* \*

Consolidated with

\* \* \* \* \* \*

No. 06-10877

KEVIN DEVON HAYNES

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas

USDC No. 3:05-CV-155
USDC No. 3:05-CV-1935

---

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bobby C. Doak, Texas prisoner # 938995, and Kevin Devon Haynes, Texas prisoner # 1175542, appeal the dismissal of their 28 U.S.C. § 2254 habeas corpus petitions as time barred. We previously granted Doak and Haynes certificates of appealability with respect to whether the district court was correct in finding that their state habeas applications were not "filed" under 28 U.S.C. § 2244(d)(2) as of the dates they were deposited in the prison mail system but on the dates they were file-stamped by the state court. We now affirm.

Doak was convicted of aggravated sexual assault on a child under 14 and was sentenced to 65 years of imprisonment. Haynes was convicted of aggravated assault with a deadly weapon and was sentenced to 35 years of imprisonment. Their convictions were affirmed on direct appeal, and after their state habeas applications were denied, they filed § 2254 petitions. Both petitions were dismissed as time barred.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Doak and Haynes each had one year from the dates their convictions became final to file their § 2254 habeas petitions, but the one-year time limit was tolled during the pendency of their state habeas applications. See § 2244(d). Doak and Haynes contend that their state habeas applications were "filed" so that the AEDPA was tolled under § 2244(d)(2) as of the dates they deposited them in the prison mail system. The respondent argues in reply that the applications were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not "filed" under § 2244(d)(2) until they were file-stamped in state court. The dates their state applications were "filed" is significant in each case because Doak and Haynes met the AEDPA deadline under the interpretation they favor and missed it under the interpretation favored by the respondent.

We review a district court's dismissal of a § 2254 petition on procedural grounds de novo. Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004). In both cases, the district court concluded, based on this court's decision in Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999), that Doak and Haynes "filed" their § 2254 petitions for purposes of § 2244(d)(2) on the dates they were file-stamped by the state court. In Coleman v. Johnson, we "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications." 184 F.3d at 402. In support of their argument that Coleman is no longer good law, Doak and Haynes point to the holding of the Texas Supreme Court in Warner v. Glass, 135 S.W.3d 681 (Tex. 2004), that "a pro se inmate's claim under section 14.004 of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be mailed." 135 S.W.3d at 684.

After Doak and Haynes were granted certificates of appealability, we rejected the interpretation that Doak and Haynes favor in Howland v. Quarterman, 507 F.3d 840 (5th Cir. 2007), holding that the mailbox rule does not apply to state habeas applications in Texas. 507 F.3d at 843-45. State habeas applications in Texas are made pursuant to article 11.07 of the Texas Code of Criminal Procedure and are therefore not governed by the Texas Civil Procedure & Remedies Code at issue in Warner. Id.; see also Aranda v. District Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006). In light of our holding in Howland, the mailbox rule does not apply to the state habeas applications filed by Doak and Haynes for purposes of tolling the AEDPA one-year statute of limitations under § 2244(d)(2). See Howland, 507 F.3d at 843-45. Accordingly, we affirm the dismissal their § 2254 petitions as time barred. AFFIRMED.