IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-31177

ANDRE L. BAKER,

Petitioner–Appellant,

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-cv-00387

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

At issue is whether this court should equitably toll the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitations period under 28 U.S.C. § 2244(d)(1) because petitioner Andre Baker did not receive notice that his state habeas application had been denied. We conclude equitable tolling is inappropriate.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Baker was charged with and pleaded guilty to three counts of attempted second-degree murder. He was sentenced to thirty years' imprisonment. In September 2002, Baker filed an application for state post-conviction relief and claimed he was denied effective assistance of counsel. The 19th Judicial District of Louisiana denied relief in December 2002. Baker claims the trial court failed to advise him of its decision. After some twenty months, he inquired into his petition's status and learned the trial court had denied relief. Baker points to a letter postmarked in late October 2004 finally advising him of the district court's order from December 2002. Baker then sought relief from the Louisiana First Circuit Court of Appeals in December 2004. That court denied relief in February 2005. Baker sought relief from the Louisiana Supreme Court, which denied relief in February 2006.

After exhausting state post-conviction relief, Baker filed a writ of habeas corpus in federal district court in June 2006. The State of Louisiana argued that Baker's petition was time-barred under AEDPA. The federal magistrate judge recommended a ruling that Baker's application was untimely and that equitable tolling was inappropriate. The district court agreed and denied Baker's request for a Certificate of Appealability (COA). This court granted a COA to determine whether the one-year limitations period should be equitably tolled.

II

We review de novo a district court's denial of a habeas petition on procedural grounds; however, we review the denial of equitable tolling only for an abuse of discretion.[1]

---

[1] Howland v. Quarterman, 507 F.3d 840, 843 (5th Cir. 2007), cert. denied, 128 S. Ct. 2873 (2008).

A

The State challenges whether equitable tolling is available, requesting that we "should consider the ultimate question," which it identifies as whether equitable tolling is applicable in cases arising under § 2244(d). The State cites Pace v. DiGuglielmo, in which the Supreme Court noted: "[w]e have never squarely addressed" the question of equitable tolling of the AEDPA's limitations period.[2] The Supreme Court similarly commented in Lawrence v. Florida.[3] In both Pace and Lawrence, the Supreme Court assumed, without deciding, that equitable tolling was available since neither party argued otherwise. The State contends that "unlike the respondents in Pace and Lawrence, in this instance the State maintains that Congress'[s] strict one-year limitation period should not permit any equitable exceptions." Moreover, the State "urge[s] this Court to reconsider" our conclusion—shared by numerous other circuits[4]—that AEDPA's limitation is not jurisdictional.[5] The State contends that equitable tolling is inapplicable to habeas claims under AEDPA.

In Johnson v. Quarterman, we noted that the Supreme Court had not decided whether a court could equitably toll AEDPA limitations.[6] Nonetheless,

---

[2] 544 U.S. 408, 418 n.8 (2005).

[3] 127 S. Ct. 1079, 1085 (2007) ("Lawrence also argues that equitable tolling applies to his otherwise untimely claims. We have not decided whether § 2244(d) allows for equitable tolling. Because the parties agree that equitable tolling is available, we assume without deciding that it is." (citation omitted)).

[4] Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal., 128 F.3d 1283, 1289 (9th Cir. 1997), overruled on other grounds by 163 F.3d 530 (9th Cir. 1998) (en banc).

[5] Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

[6] 483 F.3d 278, 286 (5th Cir. 2007), cert. denied, 128 S. Ct. 709 (2007).

our court has equitably tolled AEDPA limitations "'in rare and exceptional circumstances'"[7] and has concluded that AEDPA's limitations are not jurisdictional,[8] a holding we have recently reaffirmed.[9] Moreover, this court has explicitly rejected the State's argument that the Supreme Court's opinion in Bowles v. Russell should change our analysis.[10] "The holding of a panel of this court must comport with prior panel decisions, until changed by this court acting en banc, or unless the Supreme Court either clearly holds or teaches to the contrary."[11] Since there is no such authoritative precedent, equitable tolling remains available in this circuit as a general matter, albeit "in rare and exceptional circumstances."[12]

## B

Baker argues that the state trial court's failure to advise him of its December 2002 decision until his inquiry approximately twenty months thereafter is grounds for equitable tolling. A petitioner may benefit from equitable tolling if the petitioner shows (1) diligent pursuit of his rights and (2) "'that some extraordinary circumstance stood in his way.'"[13] Equitable tolling

---

[7] Id. (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).

[8] Davis, 158 F.3d at 811.

[9] See, e.g., United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008) ("This court has concluded that the one-year limitations period of the [AEDPA] . . . is not jurisdictional and, therefore, is subject to equitable tolling." (citation omitted)).

[10] Id. at 364 n.5 ("The Supreme Court's recent holding in Bowles v. Russell . . . is not applicable here. In Bowles, the Court held that courts were prohibited from creating equitable exceptions to statutory jurisdictional requirements, such as the time for filing a notice of appeal. As noted above, this circuit does not view the AEDPA limitations period as a jurisdictional bar, but rather as a statute of limitations that functions as an affirmative defense." (citations omitted)).

[11] Ketchum v. Gulf Oil Corp., 798 F.2d 159, 162 (5th Cir. 1986).

[12] Johnson, 483 F.3d at 286.

[13] Id. (quoting Lawrence v. Florida, 127 S. Ct. 1001, 1085 (2007)).

is available only "'when strict application of the statute of limitations would be inequitable.'"[14]  Inequitable results occur "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[15]  "Extraordinary circumstances preventing timely filing must be just that, extraordinary."[16]

A survey of cases is instructive as to this court's definition of "extraordinary circumstances."  A petitioner who receives equitable tolling generally has missed his deadline because of "external factors beyond his control."[17]  For instance, in Prieto v. Quarterman, Prieto's AEDPA limitations period was set to expire in late April 2002.[18]  In mid-April, he moved for an extension of the deadline, which the district court granted, provided the petition was filed "no later than September 6, 2002," long after the AEDPA limitations period's expiry.[19]  Relying on the district court's order, Prieto filed his petition in August 2002, outside the limitations period but within the time imparted by the district court under the extension.  Still, the district court dismissed his petition as untimely.  We equitably tolled Prieto's deadline since he "relied on the district court's order in good faith and to his detriment."[20]  Like Prieto, petitioners who are misled by a district court's actions benefit from equitable

[14] Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998)).

[15] Id. (quoting Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)).

[16] Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007), cert. denied, 128 S. Ct. 2873 (2008).

[17] In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006).

[18] 456 F.3d 511, 514 (5th Cir. 2006).

[19] Id. at 514-15.

[20] Id. at 515.

tolling.[21] But either blameworthiness or "delays of the petitioner's own making"[22] usually render inapplicable equitable tolling. Thus, ignorance of the law, "however understandable," rarely qualifies as extraordinary circumstances,[23] and neither does counsel's inability to meet the deadline.[24] Phillips v. Donnelly suggests that a purported delay in receiving notice of denial might constitute an "exceptional circumstance."[25] In that case, the petitioner argued that approximately four months passed between the actual denial of his state habeas petition and the day he received notice.[26] We noted that, assuming petitioner's factual claim as to the delay was correct, he otherwise pursued his petition with "diligence and alacrity"—filing his out-of-time appeal three days after he allegedly received notice and filing his federal petition less than one month after denial of the out-of-time appeal.[27] We concluded that a "delay in receiving notification could qualify for equitable tolling."[28] Ultimately, we vacated and remanded to the district court to

---

[21] See, e.g., United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000) (applying equitable tolling after district court granted pro se prisoner's request to dismiss petition without prejudice so that prisoner could retain counsel and refile petition later).

[22] In re Wilson, 442 F.3d at 875.

[23] Flores v. Quarterman, 467 F.3d 484, 486 (5th Cir. 2006).

[24] Johnson v. Quarterman, 483 F.3d 278, 285 (5th Cir. 2007), cert. denied, 128 S. Ct. 709 (2007) (denying equitable tolling for petitioner after his counsel waited until 7:30 p.m. on the due date only to have his computer fail).

[25] 216 F.3d 508, 511 (5th Cir. 2000).

[26] Id.

[27] Id.

[28] Id.

determine whether petitioner could in fact show that his notice was delayed four months.[29]

However, the district court's delay does not automatically merit equitable tolling if the petitioner is not otherwise diligent. As we have noted in other opinions, our decision in Phillips that equitable tolling was applicable, assuming the factual contention was resolved in petitioner's favor, was due both to the existence of circumstances beyond petitioner's control and to petitioner's quick and diligent actions.[30] In Melancon v. Kaylo, for instance, petitioner argued that his application for a supervisory writ to the Court of Appeals was not timely because the Louisiana trial court incorrectly set the return date on the application.[31] We noted that "[t]he district court's error in setting the return date of the application might warrant equitable tolling."[32] We further noted that petitioner "seem[ed] to have filed his untimely application for a supervisory writ in accordance with the [incorrect date], set by the Louisiana trial court."[33] Nonetheless, we concluded that the petitioner failed to act with diligence after he waited over four months to file his federal habeas petition following the Louisiana Supreme Court's denial of petitioner's requested supervisory writ.[34]

The State argues we should deny equitable tolling because Baker waited twenty months before inquiring into whether the state district court had ruled on his petition for post-conviction relief; this delay, argues the State, shows a

---

[29] Id.

[30] See Hayes v. Wilson, No. 06-60867, 2008 WL 638063, at *4 (5th Cir. March 6, 2008) (comparing Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) with Phillips, 216 F.3d at 511).

[31] 259 F.3d 401, 407 (5th Cir. 2001).

[32] Id. at 408 (emphasis added).

[33] Id.

[34] Id.

lack of diligence. In light of Phillips, such a holding presents thornier questions than the alternative ground discussed below, particularly since Baker has cited several Louisiana opinions in which the district court deliberated for approximately twenty months or longer before ruling on post-conviction relief and has presented prison mail records and a postmarked envelope showing that the only letter he received from the Louisiana district court within the applicable timeframe was dated approximately two years after it denied his petition. We leave for another day the issue of whether a prisoner in Baker's position improperly waited because we affirm on other grounds.

Putting aside the question of Baker's twenty-month wait, we see acts similar to that in Melancon, in which we denied equitable tolling under similar circumstances. As the State noted below, Louisiana Uniform Court of Appeal Rule 4-3 grants no more than thirty days for a prisoner to seek a supervisory writ from an intermediate appellate court after the district court's ruling. Obviously, Baker's December 17, 2004 application to the state intermediate court was more than thirty days after the trial court's ruling on December 12, 2002. But more importantly, even if we gave Baker the benefit of the doubt, and found that he did not receive notice of the district court's ruling until October 2004, he made no effort to comply with the thirty-day window under Rule 4-3. We note that we do not construe Rule 4-3's time limit as starting when the prisoner receives notice. We merely note that Baker's delay by not filing his out-of-time appeal as soon as possible, or at least within the thirty days he would have been given had the delay not occurred, shows a lack of diligence even if we were to determine that the twenty-month delay was an extraordinary circumstance beyond Baker's control. Moreover, like the petitioner in Melancon, Baker waited approximately four months to file a federal petition after the Louisiana Supreme Court denied relief. Baker has not exhibited the diligence

of the petitioner in Phillips that this court found deserving of equitable tolling in light of the exceptional circumstances.

\*     \*     \*

Since Baker has failed to prove that he acted with "diligence and alacrity" in pursuing his petition, we find no error in the district court's refusal to equitably toll the AEDPA one-year limitations. We therefore AFFIRM.