IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 06-41638

ROBERT JOSEPH SCHMITT

Petitioner - Appellant

v.

B. ZELLER, Warden

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CV-168

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Robert Joseph Schmitt appeals the dismissal of his application for federal habeas relief. We AFFIRM.

On August 9, 2001, a jury convicted Schmitt of two counts of sexual assault of a child. The Twelfth Court of Appeals in Texas affirmed the convictions on October 22, 2003. Schmitt did not file for discretionary review. Schmitt filed a state habeas application on August 16, 2004. The Texas Court of Criminal Appeals denied the application on February 16, 2005, but Schmitt

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not learn of the denial until February 23, 2006, after he inquired about the application's status. On March 5, 2006, Schmitt wrote a letter to the Texas Attorney General explaining his situation. The Attorney General's Office responded by letter dated March 27, 2006, informing Schmitt that it represented the State and could not provide him with legal advice. Schmitt says he received the letter March 30, 2006.

Schmitt filed a federal application for a writ of habeas corpus on April 14, 2006. *See* 28 U.S.C. § 2254. The application alleged ineffective assistance of counsel and multiple errors by the trial court. The Government moved to dismiss the petition as time-barred. The magistrate judge recommended the petition be dismissed as time-barred. Schmitt filed no objections. The district court adopted the magistrate judge's Report and Recommendation. On appeal, Schmitt argues that the district court erred in denying him equitable tolling.

The Antiterrorism and Effective Death Penalty Act of 1996 provides that any federal challenge to a state conviction must be brought within one year after direct review of the judgment becomes final. 28 U.S.C. § 2244(d)(1). The period is tolled once an inmate files for post-conviction review in state court, then recommences when a final denial of relief by the state occurs. *Id*. at § 2244(d)(2).

Besides the statutory tolling, an inmate may qualify for equitable tolling if the failure to file timely is caused by "external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The magistrate judge found that Schmitt was not entitled to equitable tolling.

Because Schmitt did not object to the report of the magistrate, we review only for plain error. *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29

(5th Cir. 1996) (en banc). For there to be plain error, the district court must err, the error must be plain, and the error must affect the inmate's "substantial rights." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). The court has discretion to remedy the error but should exercise the discretion only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Schmitt delayed approximately ten months after his conviction was final before applying for state habeas relief. We have recognized that a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on the last day and encountering a court computer problem that prevented filing showed a lack of diligence). Similarly, Schmitt's filing the state petition after squandering most of the year available under Section 2244 is a factor in deciding whether equitable tolling should be allowed for problems that arise in later filing the federal petition. Leaving little margin for error is incautious and not diligent.

Having only two months to act once the state habeas proceedings concluded, Schmitt did not inquire into his application's status for eighteen months, which was a year after the denial of relief had actually been entered. He then delayed another fifty days between learning of the denial of the state application and filing his Section 2254 application.

In evaluating diligence, our precedents have examined both the delay between filing for relief in state court and later inquiring about its status, and the delay between learning of the state court's ruling and the filing of an application under Section 2254 in federal court. We have found diligence when a petitioner waited eleven months before inquiring into the status of his state habeas petition and then filed his federal application only one week later. *Hardy v. Quarterman*, 577 F.3d 596, 599 (5th Cir. 2009). We have also found diligent

3

pursuit of relief when seven months after filing his state petition, the inmate learned of its denial, filed for an out-of-time appeal three days later, then filed for federal habeas within a month of the denial of the out-of-time appeal. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Conversely, we found lack of diligence where the petitioner alleged that he filed a state petition but learned approximately ten months later – which was eight months after the time to file had expired – that there was no record of it. *Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007). Among the indicia of a lack of diligence was that the inmate had waited ten months after his conviction before attempting to file his state habeas application. *Id.*

In addition, we found a lack of diligence when an inmate waited thirty months before inquiring into the status of his state petition. *Lewis v. Cockrell,* 275 F.3d 46, 2001 WL 1267701 (5th Cir. Oct. 15, 2001) (unpublished). Lewis filed his Section 2254 application within two weeks of learning that the state court denied relief, but it was the thirty-month delay that we found to disqualify him from equitable relief. *Id.* at *3. Though the *Lewis* decision is not precedential, it was some guidance for Schmitt as he was determining what he had to do.

This caselaw reveals that there is no mathematical formula by which to calculate diligence by an inmate in learning either of the denial of his state habeas relief or in thereafter filing his Section 2254 application. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Schmitt's initial delay of eighteen months is shorter than the periods we have found not to reflect diligence, and longer than any in which we have found diligence. The wait of fifty days after learning of the denial of relief in state court before filing the section 2254

application, a wait which included contact with and a response from the Texas Attorney General's Office, has no clear analogy in the precedents.

Because there is no mathematical formula to apply, and the district court was presented with delays somewhere between those that have been found to reflect diligence and others that do not, we conclude that any error in refusing to apply equitable tolling would not be obvious under current law. *United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007).

Because there was no plain error, we AFFIRM.