# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2013

Lyle W. Cayce
Clerk

No. 11-41144
Summary Calendar

TONY LYNN HAILEY,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-270

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tony Lynn Hailey, Texas prisoner # 911414, filed a 28 U.S.C. § 2254 petition to set aside his conviction on two counts of sexual assault and indecency with a child younger than 17. The district court dismissed the petition as time barred. The court rejected the notion that Hailey was entitled to equitable tolling because of failings of his counsel. The district court reasoned that Hailey's right to counsel ended when the appellate court rendered its decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirming the judgment and therefore that Hailey could not assert that counsel's errors served to toll the limitation period. Additionally, the court noted that Hailey acknowledged having read in the newspaper that the state appellate court had affirmed his judgment. Consequently, the district court determined that Hailey had not demonstrated diligent pursuit of his rights or shown that rare and exceptional circumstances existed to invoke equitable tolling.

We granted Hailey a certificate of appealability on the issue whether he is entitled to equitable tolling of the one-year limitation period prescribed by 28 U.S.C. § 2244(d). Hailey contends that equitable tolling is warranted because Clement Dunn, the attorney he retained to seek habeas relief on his behalf, deceived him for several years. In Hailey's view, Dunn's deception and misconduct constitute rare and extraordinary circumstances.

A petitioner is entitled to equitable tolling if he shows that (1) he pursued his rights with diligence and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). Equity requires that § 2244(d)'s one-year limitation period be tolled as a result of "professional [legal] conduct that . . . amount[s] to egregious behavior and create[s] an extraordinary circumstance." *Id.* at 2564. Equitable tolling is applied sparingly, with the prisoner having the burden of establishing that its application is warranted. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 577-78 (5th Cir. 2013). If a habeas petition is dismissed on the basis that equitable tolling is inapplicable, we review to determine whether there has been an abuse of discretion. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). We may affirm on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Hailey's deadline for seeking federal habeas relief under § 2254 was September 10, 2002. Hailey's assertions about Dunn's failures preceding the July 2002 contract for Dunn's legal services are irrelevant, because there was

2

still time after that contract was confected in which a timely § 2254 petition could have been filed.  Moreover, only deceptions occurring between the date of the contract and the deadline of September 10, 2002, would be relevant because anything that happened after the limitation period had expired could not have "stood in [the] way" of a timely filing.  *Holland*, 130 S. Ct. at 2562; *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

To invoke equitable tolling based on counsel's "intentional deceit," a petitioner must demonstrate "that he reasonably relied on [a] deceptive misrepresentation."  *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Hailey identifies no deceptive misrepresentation by Dunn between the signing of the contract in July 2002 and the expiration of the limitation period in September 2002, and thus the notion of deception during that time is merely suppositional.  It may be equally supposed, however, that Dunn did not file a petition for habeas relief during that period for reasons having nothing to do with deception, including forgetting "to file the habeas petition on time . . . or fail[ing] to do the requisite research to determine the applicable deadline." *Holland*, 130 S. Ct. at 2567.  Such negligence does not amount to egregious conduct constituting a rare and extraordinary circumstance that warrants equitable tolling.  *Id.* at 2568; *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Hailey fails to show that equitable tolling applies in his case.  *See Riggs*, 314 F.3d at 799; *Howland*, 507 F.3d at 845.  Because we affirm on the basis that Hailey failed to demonstrate egregious conduct on Dunn's part that amounted to a rare and extraordinary circumstance warranting equitable tolling, we need not decide whether Hailey satisfied the equitable tolling doctrine's due diligence requirement.  *See Holland*, 130 S. Ct. at 2562; *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

AFFIRMED.