81,989-02,03,04,05

January 27, 2015

**Smith County District Clerk**
100 North Broadway, Room 204
Tyler, Texas 75702

Re:     *Ex parte Michael Regard Webb*, Case No's. 007-0447-11, 007-0048-11, 007-0449-11 & 007-0450-11 (In the 7th Judicial District Court of Smith County, Texas).

  ➤ Reply to State's Original and Supplemental Answers to Application for Habeas Corpus

Dear Clerk:

Enclosed please find the original copy of Applicant Webb's Reply to State's Original and Supplemental Answers to his Original Applications for Writ of Habeas Corpus Applications, to be filed among the papers in the above-styled and numbered causes.

Please notify Applicant at his address listed below of the date of filing and disposition of these proceedings.

Thank you for your kind attention to this matter.

Sincerely,

Michael R. Webb, TDCJ-CID#01784539
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 0 4 2015

Abel Acosta, Clerk

Enclosures

CC:

  ❖ Abel Acosta, Clerk
    Court of Criminal Appeals
    P.O. Box 12308
    Austin, Texas 78711

  ❖ Aaron S. Rediker
    Asst. District Attorney
    Smith County, Texas
    100 North Broadway, 4th Floor
    Tyler, Texas 75702

      File



| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| MICHAEL RENARD WEBB | § | 7TH JUDICIAL DISTRICT |
| APPLICANT, TDCJ-CID#01784539 | § | SMITH COUNTY, TEXAS |

### APPLICANT WEBB'S REPLY TO STATE'S
### ORIGINAL AND SUPPLEMENTAL ANSWERS TO HIS
### ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS
### WITH BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, your Applicant, Michael R. Webb, TDCJ-CID#01784539, proceeding in

*pro se*, in the above-styled and numbered cause pursuant to article 11.07, § 3 of the Texas Code

of Criminal Procedure, and files this, his Reply to the State's Original and Supplemental

Answer(s) to his Original Application for Writ of Habeas Corpus and in support thereof, would

show the Court as follows:

### I.
### Jurisdiction

The Court has subject matter and jurisdiction over the parties pursuant to Texas Code of

criminal Procedure, Article 11.07. *et. seq.*

### II.
### CONFINEMENT & RESTRAINT

Applicant was indicted in cause number 007-0448- 11, filed in the 7th District Court of

Smith County, Texas, for the offense of possession/manufacture with intent to deliver a

1

controlled substance, namely cocaine, >4g <200g,[1] a second degree felony (enhanced). On March 19, 2012, Applicant, with his two trial attorneys, Mr. Greg Waldron and Ms. Tonda Curry, entered into a non-negotiated plea of guilty in a single hearing.[2] Based on his plea entered at that time before the Court, the Court found Applicant guilty of the charge alleged in the instant indictment and sentenced him thereafter in a consolidated plea and sentencing hearing to confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) for thirty (30) years.[3] A direct appeal was taken to the Twelfth Court of appeals in Webb v. State, No. 12-12-00175-CR, who affirmed the judgment and sentence in an unpublished opinion dated June 25, 2013.[4] No Petition for Discretionary Review was filed in this case. Applicant filed his original application seeking a writ of habeas corpus in this case on September 20, 2014, as opposed to Respondent's claim the same was filed on October 01, 2014.[5]

Respondent made a separate answer to the instant state writ application on October 16, 2014.[6]

Then, it made a "consolidated" supplemental response to the instant writ application on

---

[1] This case was as being enhanced with one enhancement paragraph; see Exhibit A, attached hereto and made a part hereof.

[2] Applicant's related unadjudicated cases; case number: 007-0449-11 for manufacture/intent to deliver a controlled substance, namely, cocaine <1g in a drug free zone, a third degree felony (enhanced) and in case number: 007-0450-11 for manufacture/intent to deliver a controlled substance, namely cocaine <1g in a drug free zone (DFZ), a third degree felony (enhanced); See Exhibit B, Judgment and sentence in State of Texas v. Michael Renard Webb, No. 007-0448-11

[3] See Exhibit B, Judgment & Sentence, State of Texas v. Michael Renard Webb, No. 007-0448-11.

[4] See Webb v. State, No. 12-12-0175-CR (Tex. App. – Tyler June 25, 2014, no pet.).

[5] See Richards v. Thaler, 710 F.3d 573 (5th Cir. 2013), holding in relevant portion that, "...Coleman was no longer valid and the mailbox rule now applies to Texas prisoners' state habeas filings. The dismissal of Richards' petition was reversed and the case remanded for further proceedings." Federal and State courts must now find that a prisoner's state writ application is considered filed on the date they sign it and place it in the prison mail box for authorities to mail on their behalf to be filed.

[6] For purposes of this proceeding, Applicant will refer to the Respondent's Answer as "Answer," followed by the page referenced.

2

December 08, 2014, which is in violation of the Court of Criminal Appeals Local Rules and the Texas Rules of Appellate Procedure in that both sets of rules require that separate, not consolidated filings must be made for each cause number separately. Wherefore, based upon the violation of these rules by Respondent, Applicant would respectfully request that the document filed in the district Court entitled: Cause Number 007-0448-11-A, 007-0449-11-A & 007-0450-11-A, *Ex parte Michael Renard Webb,* filed in the 7th Judicial District Court of Smith County, Texas, accordingly be stricken from the habeas record and not considered whatsoever for any purposes. This proceeding followed.

## II.

## STATEMENT OF FACTS

Applicant adopts the background facts articulated by the Twelfth Court of Appeals in its consolidated unpublished memorandum opinion entered on June 25, 2013, at the time it affirmed all of Applicant's judgment and sentences before it, as follows:

> [Applicant] was charged by indictment with the offense of aggravated assault on a public servant and three instances of manufacture or delivery of a controlled substance. On February 29, 2012, a bench trial began on the indicted offense of aggravated assault on a public servant. Ultimately, the trial court found [Applicant] guilty of the offense and made an affirmative deadly weapon finding. Sentencing was postponed until after a presentence report was prepared. On March 19, 2012, [Applicant] pleaded guilty to the remaining offenses. Each offense was enhanced under the habitual offender statute, and two of the cases contained drug-free zone enhancements. [Applicant] pleaded true to all enhancements in each case. The trial court pronounced [Applicants] sentence in each case on April 20, 2012. [Applicant] was sentenced to various terms of imprisonment in addition to being assessed court costs and in some cases, restitution. The trial court ordered [Applicant] to pay $55,432.18 in restitution and taxable court costs in the

aggravated assault case. In one of the drug cases, the trial court ordered [Applicant] to pay $515.00 in restitution in addition to taxable court costs. In another of the drug cases (a drug-free zone case), the trial court ordered [Applicant] to pay $515.00 in restitution, but did not order payment of restitution in the other drug-free zone case. The certified bill of costs was not in the record when the judgments of conviction were signed. After [Applicant] filed his brief, the district clerk supplemented the record in each case to include a bill of costs. *Id.*[7]

## III.
## APPLICANT'S ALLEGATIONS

In the instant application seeking habeas corpus relief, Applicant submits three separate grounds for relief as follows:

1. Applicant complains that his guilty plea was unknowingly, unintelligently and therefore, involuntarily entered based upon the erroneous advice of trial counsel(s) in violation of the Fifth, Sixth and Fourteenth Amendments to the United States constitution;

2. Applicant complains that he was denied the effective assistance of counsel at trial in violation of the Sixth Amendment to the United States Constitution;

3. Applicant complains the trial court erred and abused its discretion by accepting his guilty plea in this case, as well as another offender's guilty plea in an unrelated case at the same time, confusing him and contributing to his plea of guilt being entered involuntarily. *Id.*

*See State Writ Appl.* 6-10.

## IV.
## ARGUMENT & AUTHORITIES

### A.    Ground One: Involuntary Plea

In ground one the Applicant herein complains that his guilty plea was entered unintelligently, unknowingly and involuntarily based upon the erroneous advice of counsel.

---

[7] *See* Consolidated Memorandum Opinion for *Webb v. State*, Case Nos. 007-0447-11, 007-0448-11, 007-0449-11 & 007-0450-11, at 1-2.

Specifically, Applicant submits trial counsel(s) were ineffective and provided him with erroneous advice, which he premised his decision to enter a guilty plea, prejudicing the defense. In his instant application, Applicant has averred that his trial attorneys advised him after being convicted of Aggravated Assault with a deadly weapon upon a Public Servant in a companion case [8] and was sentenced to life imprisonment in TDCJ-CID, if he went to trial on this case (and his two other pending drug possession cases) stemming from the same criminal episode the State would ask that the trial court cumulate or "stack" whatever sentences he might receive in this case and the other two pending drug cases with his life sentence assessed in the aggravated assault on a public servant with a deadly weapon.

**Standard of Review**

Ineffective assistance of counsel claims are reviewed for federal constitutional error under the two- prong standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). *See Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987). To satisfy this standard a criminal defendant must establish: First that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversarial process that renders the result unreliable. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. Every effort must be made to eliminate "the distorting effect of hindsight." *Id.* Courts 'must

---

[8] *See State v. Webb*, Case No. 007-0447-11, April 20, 2012.

5

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and a defendant must overcome the presumption that the challenged action 'might be considered sound strategy." *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 LEd. 83 (1955)). Secondly, Petitioner must demonstrate prejudice. The "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* 466 U.S. at 694, 104 S.Ct. at 2068; *Lloyd v. Whitley*, 977 F.2d 149, 159 (5th Cir. 1992). Petitioner's claims are firmly grounded in the record and prejudice is not merely alleged, but affirmatively shown by a preponderance of the evidence. Here, Petitioner alleges that his trial counsel was deficient for numerous acts and/or omissions, which contributed to Petitioner not receiving a fundamentally fair trial and that, but for his unprofessional representation, a reasonable probability exists that the outcome of the proceedings would have been different.

As Justice Sutherland explained in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the right to the assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Texas Constitution. This right to the assistance of counsel has long been understood to include a "right to the effective assistance of counsel." *See McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The integrity of our criminal justice system and the fairness of the adversary criminal process is assured only an accused is represented by an effective attorney. *See United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 667, 66 L.Ed.2d 564(1981). Absent the effective assistance of counsel "a serious risk of injustice infects the trial itself." *Cuyler v. Sullivan*, 446 U.S. 335, 343, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333

(1980). A defendant is constitutionally entitled to have counsel acting in the role of an advocate. *Anders v. California*, 386 U.S. 738, 743, 87 S.Ct. 1396, 1399, 18 L.Ed.2d 493 (1967).

Normally, the reviewing court looks to the totality of the representation and the particular circumstances of the case in evaluating the reasonableness of an attorney's conduct. *See Ex parte Felton,* 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). The review conducted of defense counsel's representation is "highly deferential and presumes that counsel's actions fell within a wide range of reasonable assistance." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). It is the defendant's burden to overcome this presumption by proving his ineffective assistance of counsel claim by a preponderance of the evidence. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992); *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); *also see, United States v. Cronic, supra* at 658, 104 S.Ct. at 2046 (the burden rests on the accused to demonstrate a constitutional violation).

## Burden of Proof

In a habeas corpus proceeding, the burden of proof is always on the applicant. *Ex parte Rains*, 555 S.W.2d 478 (Tex. Crim. App. 1977). It is thus applicant's burden to "prove by a preponderance of the evidence" that the alleged errors "contributed to his conviction or punishment" *Ex parte Williams*, 65 S.W-3d 656, 658 (Tex. Crim. App. 2001). In order to prevail, an applicant must present facts that, if true, would entitle him to the relief requested. *Ex parte Maldonado,* 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson,* 32 S.W.3d 860,

7

861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are insufficient proof of his claims. *Ex parte Empey,* 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

## State's Procedural Default

The record below is procedurally devoid of trial counsel, Mark Waldron and Tonda Curry's affidavits responding to the Applicant's complaints of his plea of guilty being entered unknowingly, unintelligently and involuntary based upon the erroneous advice of counsel, as well as issues of ineffective assistance of counsel at trial and are therefore not properly before this Court as a Court of original jurisdiction and based upon the facts and records before this Court, it is readily apparent that the Respondent included the affidavits in question with the "State's Supplemental Answer," to the instant application seeking habeas corpus relief by doing so in a "consolidated fashion," versus each singularly as required by the rules of the Court, by presenting the same together in said pleading, instead of separately as required by the instructions contained with the article 11.07 habeas corpus application, instruction number four (4), as well as the Texas Rules of Appellate Procedure and Texas Administrative Code. Therefore, when considering Applicant's instant application and **only** the original answer filed by the State, Applicant's allegations have not been properly met and rebutted by same, and since the State did file separate original answers to each separate writ application, only the

8

substance contained therein should be considered by the Court in determining whether or not to grant or deny relief. (emphasis added).[9]

Applicant suggests that the Court of Criminal appeals remand this case to the district court with instructions on how it should properly file any supplemental answers to its original one, separately in each case according to the rules of the Court of criminal appeals, Texas Rules of Appellate procedure and Texas Administrative Code as the Applicant is required to do.[10]

Otherwise, in the interest of judicial economy, Applicant attaches hereto and makes a part hereof, both the affidavits of Mr. Gregory A. Waldron and Ms. Tonda Curry's (trial counsel's), which they themselves filed correctly with the district clerk of Smith County as Exhibit D and Exhibit E, respectively and will offer his arguments in dispute thereof *infra*.

In the instant application, Applicant claims, *inter alia*, that his attorney's erroneously informed him that if convicted of the three companion drugs case, any sentence assessed by court or jury could be ordered to run consecutive to the life sentence he received in the first case tried to a jury in which he was found guilty by same and assessed a life sentence.

**Multiple Prosecutions**

**TEXAS PENAL CODE**

TITLE 1. INTRODUCTORY PROVISIONS

CHAPTER 3. MULTIPLE PROSECUTIONS

---

[9] *See* Exhibit C, "State's Supplemental Answer in Opposition to Application for Writ of Habeas Corpus, at 46-53 )as transmitted and numbered by the Clerk of Smith county to the CCA.

[10] At the time of his prosecution in a companion case, Case No. 007-0447-11, Applicant had four other cases pending, one of which was dismissed by the State.

9

Sec. 3.01. **DEFINITION.** In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.[11]

Sec. 3.03. **SENTENCES FOR OFFENSES ARISING OUT OF SAME CRIMINAL EPISODE.** (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(1) an offense:

(A) under Section 49.07 or 49.08, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections;

(2) an offense:

(A) under Section 33.021 or an offense under Section 21.02, 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time

---

[11] Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1, eff. Jan. 1, 1974. Amended by Acts 1987, 70th Leg., ch. 387, Sec. 1, eff. Sept. 1, 1987; Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994.

of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section;

(3) an offense:

(A) under Section 21.15 or 43.26, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections;

(4) an offense for which the judgment in the case contains an affirmative finding under Article 42.0197, Code of Criminal Procedure;

(5) an offense:

(A) under Section 20A.02 or 43.05, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections; or

(6) an offense:

(A) under Section 22.04(a)(1) or (2) or Section 22.04(a-1)(1) or (2) that is punishable as a felony of the first degree, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

11

(B)  for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) and punishable as described by that paragraph, regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section.

(b-1)  Subsection (b)(4) does not apply to a defendant whose case was transferred to the court under Section 54.02, Family Code.[12]

As none of the exceptions articulated and codified *supra,* (which allows an exception to the criminal episode restrictions regarding cumulating certain sentences regardless of whether or not they were part of the same criminal episode) are not applicable to the applicant as he was never convicted of any of the statutory offenses enunciated under our Penal Code and therefore, trial counsel was erroneous in advising Applicant that they were and Applicant strenuously avers herein, that had he been aware that any corollary conviction or sentence resulting from his pending indictments' could not be cumulated with his life sentence already assessed in his first companion case tried, he would not have pled guilty, but would have insisted on proceeding to trial by jury in all of his remaining companion cases still pending.

### Affidavit of Gregory A. Waldron, Trial Counsel (lead)

In his affidavit, attached hereto as Exhibit D, counsel states in relevant part:

Webb was found guilty by this court and sentenced to life in prison. Webb had four other cases pending, three to which he pled and one that was dismissed. Counsel had

---

[12] Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1, eff. Jan. 1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994;  Acts 1995, 74th Leg., ch. 596, Sec. 1, eff. Sept. 1, 1995;  Acts 1997, 75th Leg., ch. 667, Sec. 2, eff. Sept. 1, 1997.
Amended by:
Acts 2005, 79th Leg., Ch. 527 (H.B. 904), Sec. 1, eff. September 1, 2005.
Acts 2007, 80th Leg., R.S., Ch. 593 (H.B. 8), Sec. 3.47, eff. September 1, 2007.
Acts 2007, 80th Leg., R.S., Ch. 1291 (S.B. 6), Sec. 6, eff. September 1, 2007.
Acts 2009, 81st Leg., R.S., Ch. 1130 (H.B. 2086), Sec. 21, eff. September 1, 2009.
Acts 2011, 82nd Leg., R.S., Ch. 1 (S.B. 24), Sec. 6.01, eff. September 1, 2011.
Acts 2013, 83rd Leg., R.S., Ch. 228 (H.B. 220), Sec. 1, eff. September 1, 2013.

lengthy discussions with Webb regarding how to proceed with trial and Webb agreed with counsel's trial strategy. Counsel also had discussions with Webb regarding the potential of stacking of sentences after his conviction for aggravated assault. It is still counsel's position that Webb's sentences could have been stacked. *Id.* at cover.

*See* Exhibit D, *Affidavit of trial counsel, Gregory A. Waldron.*

It is Applicant's assertion herein that under these circumstances, which are firmly rooted in the record, it is apparent that each of his attorney's[13] misinformed him as to whether or not the adjudication and sentencing in the pending three companion cases could have been cumulated with his life sentence, not distinguishing between one or the other, but informing him all three companion cases would be stacked by the trial court if he did not enter open pleas of guilt to each. Applicant avers that had he known that one or all of the three pending cases could not be cumulated as a matter of law, he would not have entered open pleas of guilt before the trial to any of them, but would have insisted on proceeding to a trial by jury in each case.[14]

**Plea with Unrelated Defendants**

During the plea colloquy, Applicant was taken unaware that the trial court planned on taking his plea(s) with another defendant in an unrelated case at the same time. Neither of his trial attorneys's informed him prior to the time his plea(s) were taken. He himself had three cases he was entering pleas of guilt to and is unaware of the exact number the unrelated defendant was

---

[13] Applicant incorporates by reference the affidavit filed by second chair counsel, Ms. Tonda Curry, attached hereto as Exhibit E, her sworn statement in this regard; "[C]ounsel also had discussions with Webb [Applicant] regarding the potential of stacking of sentences after his conviction for aggravated assault. It is still counsel's position that {Applicant's] sentences could have been stacked." *Id.* at cover. This generalization by counsel fails to distinguish between whether or not one or all three of the pending indictments could have resulted in any future adjudication of those charges and resulting sentences being cumulated as told to Applicant by same at the time he was advised by both attorneys that he should enter open pleas of guilt.

[14] It should be noted that Applicant was sentenced in one of the companion cases, case number 007-0049-11 for manufacture/delivery of a controlled substance, namely, cocaine, weighing >1g in a drug free zone (DFZ) to forty-years imprisonment and in case number 007-450-11, for manufacture/delivery of a controlled substance, namely, cocaine, weighing <1g in a DFZ to twenty-years imprisonment by the trial court, to be served concurrently with his life sentence already assessed.

13

pleading to and the transcript is demonstrative of the confusion that ensued during the process. Contrary to both trial attorneys' assertions contained in their respective affidavits in this regard, neither of them personally informed him of this situation prior to it occurring or ask his permission or if he was okay with proceeding in such a manner. It was very confusing to Applicant with the judge switching back and forth between him and the other unknown, unrelated defendant to the point Applicant felt like an automaton being prompted by counsel thought the proceeding to say yes or no to questions asked by the court. Applicant became dismayed as the hearing progressed and acquiesced in the face of his complaints made to counsel being rebuffed and ignored; it was like, "just be quiet, answer as you are told or else..."

Accordingly, Applicant would respectfully request that this Honorable Court sustain this ground for relief.

## B.      Ground Two: Ineffective Assistance of Trial Counsel(s)

Applicant would point out to the Court that neither Mr. Waldron or Ms. Tonda Curry responded to his second and third grounds presented in the instant application, and while the State's silence as to any issue they choose to remain silent to are deemed to be a "general denial," controverted issues involving ineffective assistance of counsel, wherein the same is designated as requiring resolution, which go unanswered or addressed by trial counsel affidavit in their response to those allegations contained within the instant application are not afforded a default response of a general denial within this Court's jurisprudence and therefore be deemed as admitted.

In his second ground Applicant alleges that both his trial attorney's representation was deficient and the following instances of ineffective assistance of counsel has been made against

14

them in Applicant's writ application, which he reiterates and discusses herein now further below:[15]

    (a) Counsel was ineffective for failing to obtain funds from the Court to hire a private investigator to assist with investigating the facts of the case.

    (b) Counsel(s) were ineffective for failing to complete a thorough investigation of the facts and applicable law in these cases before advising Applicant to plead guilty.

Applicant avers that had counsel hired a private investigator with funds from the court it would have increased his chances of having a better outcome in regards to the drug cases alleged against him by the State. Applicant bases his assertions upon the following facts: (1) two of the three pending drug cases against him occurred approximately nine months prior to the aggravated assault case arising. However, neither of the attorneys was familiar with the facts or evidence connected to the State's prosecution of the prior drug cases when they became involved with the assault case and assumed responsibility for defending him in his other related cases, including the instant one; (2) At the time of his plea(s) to the three pending drug cases Applicant asked his attorney to explain to him what "drug free zone" meant and how it would impact his sentencing before the trial court and Mr. Waldron responded: "Just keep quiet and don't piss off the judge. Following counsel's advice Applicant remained moot until asked a question by the trial court in regards to the plea process and Mr. Waldron would either nudge him or tap his foot against Applicant's foot and then whisper out the side of his mouth the response he wished Applicant to make. This became especially confusing to Applicant as the judge switched back and forth between him and the unrelated defendant the court was taking a plea from at the same time. In retrospect, Applicant understands this is not how the law envisions plea hearings to be conducted and these processes conducted in this regard that led to his unknowing and therefore, involuntary guilty plea being entered. Counsel provides no information in rebuttal to Applicant's

---

[15] *See State Writ Appl.* at 8.

15

assertions in this regard within their respective affidavits and Applicant requests that this Honorable Court resolves these allegations in his favor and thereafter recommending that the writ issue.

    (c) Counsel, through lack of investigation failed to determine through fingerprinting or DNA analysis whether or not the bags containing the illicit contraband substance had ever been in Applicant's personal possession after being found, not on his person, but in proximity allegedly to where he was arrested for aggravated assault against a public servant, after being physically subdued by several other police officers.

Again, neither attorney addresses this issues in their affidavit(s) responding to the ineffective assistance of counsel allegations contained in the instant writ application and therefore, Applicant requests the habeas court deem them admitted by same.

    (d) Counsels were separately and collectively ineffective for failing to object to the trial court taking his pleas while doing so at the same time with an unrelated defendant.

Applicant avers here, as he does above, that he objected to his plea being taken with the unrelated defendant because it was too confusing to both his attorneys and was told the best thing he could do is keep quiet, following counsel's lead, say what he was told to say or he would never see the light of day again. That is a very strong a persuasive thereat, which applicant took seriously and complied when Mr. Waldron would either nudge him or tap his foot against Applicant's foot and then whisper out the side of his mouth the response he wished Applicant to make. This became especially confusing to Applicant as the judge switched back and forth between him and the unrelated defendant the court was taking a plea from at the same time.

## C.    Ground Three: Abuse of Discretion by Trial Court

Applicant incorporates by reference for all purposes the arguments presented in ground two, *supra*, and would ask that the Court consider same in support of the instant ground presented herein for all purposes.

## CONCLUSION

Accordingly, Applicant would respectively request that this Honorable Court sustain each ground presented herein for habeas relief and remand this case back to the trial court for further consideration.

**SIGNED** on this the 27th day of January 2015.

Respectfully submitted,

**Michael R. Webb, Applicant, Pro se**
TDCJ-CID#01784539
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

## CERTIFICATE OF SERVICE

I, Michael R. Webb, Applicant, Pro se, TDCJ-CID#01784539, herein certifies that a true and correct copy of the foregoing instrument was sent to the Respondent, by placing same, in the prison mail box, first-class, postage paid, addressed to:

**Aaron S. Rediker**
Smith County Asst. District Attorney
100 North Broadway, 4th Floor
Tyler, Texas 75702

SIGNED on this the 27th day of January 2015.

**Michael R. Webb, Applicant, Pro se**

17

**EXHIBIT**

**A**

18

# INDICTMENT

| | |
|---|---|
| THE STATE OF TEXAS <br> VS | IN THE 241ST DISTRICT COURT <br> OF <br> SMITH COUNTY, TEXAS |
| MICHAEL WEBB | |

CHARGE:    Manufacture and Deliver Controlled Substance    ARTICLE: 481.112 CONTROL #:11-01679-1

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the January-June Term, 2011, of the 241 st Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that on or about the 21st day of July, 2010, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, MICHAEL WEBB did then and there knowingly deliver, by actual transfer, to Christopher Leadon, a controlled substance, namely, Cocaine, in an amount of four grams or more but less than 200 grams including any adulterants and dilutants;

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 30th day of July, 1998, in cause number 241-80361-98 in the 241st Judicial District Court of Smith County, Texas, the defendant was convicted of the felony offense of Robbery;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Original – Pink        State's Copy – Green        Defendant's Copy – Canary

20

## THE STATE OF TEXAS
## COUNTY OF SMITH

I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas

vs _____ as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of

_____, A.D. 20_____.

**LOIS ROGERS**
Clerk of the District Court
Smith County, Texas

By_____
        Deputy

---

NO. _____

THE STATE OF TEXAS
VS

# INDICTMENT

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

Foreman of the Grand Jury

AMOUNT OF BAIL: $ 80,000

File this _____ day of _____

20____

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY: _____
              Deputy

WITNESSES

**21**

**EXHIBIT**

**B**

19

| THE STATE OF TEXAS | § | IN THE 7TH JUDICIAL |
|---|---|---|
| | § | |
| V. | § | DISTRICT COURT |
| | § | |
| MICHAEL RENARD WEBB | § | SMITH COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX05501439 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. KERRY L. RUSSELL | Date Judgment Entered: | **04/24/12** |
|---|---|---|---|
| Attorney for State: | **D. Matt Bingham/R. Vance/C. Gatewood** | Attorney for Defendant: | **WALDRON, GREGORY A.** |

Offense for which Defendant Convicted:

**MAN/DEL CS PG 1 >= 4G < 200G**

| Charging Instrument: **INDICTMENT** | Statute for Offense: **481.112(d)** |
|---|---|

Date of Offense:
**07/21/10**

| Degree of Offense: **1st Degree Felony** | Plea to Offense: **Guilty** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:
**Defendant Made Open Plea.**

| Plea to 1st Enhancement Paragraph: | **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Plea on Jurisdictional Paragraph: | **N/A** | | |
| Findings on Jurisdictional Paragraph: | **N/A** | | |

| Date Sentence Imposed: | **04/20/2012** | Date Sentence to Commence: | **04/20/2012** |
|---|---|---|---|

| Punishment and Place of Confinement: | **30 Years/ Texas Department of Criminal Justice-Institutional Division** |
|---|---|

**THIS SENTENCE SHALL RUN CONCURRENTLY WITH CAUSE NO. 007-0447-11**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A**.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: ☑ AGENCY/AGENT (see below) |
|---|---|---|---|
| $0.00 | $363.00 | $515.00 | **Smith County Collections Department 200 E. Ferguson, Suite 213 Tyler, TX 75702** |

Sex Offender Registration Requirements DO NOT APPLY to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was not provided.

Time Credited: **415 DAYS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Smith County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☑ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

**22**

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director of TDCJ-SJF. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Smith County District Clerk's Office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Smith County, Texas on the date the sentence is to commence. Defendant shall be confined in the Smith County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Smith County District Clerk's Office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Smith County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

☒ **Attachment A, Order to Withdraw Funds in incorporated into this judgment and made a part hereof.**

**Signed and Ordered on this 24th day of April, 2012.**

X _____
HONORABLE KERRY L. RUSSELL
JUDGE PRESIDING



Right Thumbprint:

**EXHIBIT**

**C**

FILED
LOIS ROGERS
DISTRICT CLERK

CAUSE NUMBER 007-0448-11-A
CAUSE NUMBER 007-0449-11-A
CAUSE NUMBER 007-0450-11-A

2014 DEC -8 PM 4: 54

SMITH COUNTY, TEXAS

BY _____
DEPUTY

| | | |
|---|---|---|
| **EX PARTE** | § | IN THE 7TH DISTRICT COURT |
| | § | |
| **MICHAEL RENARD WEBB** | § | SMITH COUNTY, TEXAS |

## STATE'S SUPPLEMENTAL ANSWER IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE COURT:

Pursuant to article 11.07, section 3 of the Texas Code of Criminal Procedure, the State, acting through the undersigned Assistant Criminal District Attorney, urges the Court to find there is no necessity for a hearing on any of applicant's alleged grounds for relief and to recommend relief be denied.

### STATEMENT OF THE CASE

The applicant, MICHAEL WEBB, was indicted in cause number 007-0448-11, 007-0449-11, and 007-0450-11, filed in the 7th District Court of Smith County, Texas, for the offenses of possession of cocaine with the intent to deliver, possession of cocaine in a drug-free zone with intent to deliver, possession of cocaine in a drug-free zone with intent to deliver, respectively. On 19 March 2012, applicant, with his counsel, entered nonnegotiated pleas of

**46**

guilty in each case in a single hearing. Based on his pleas, the Court found applicant guilty of the offenses as alleged in the indictments and sentenced him to confinement for 30 years in the Texas Department of Criminal Justice—Institutional Division in Cause Number 007-0448-11, 40 years in Cause Number 007-0449-11, and 20 years in Cause Number 007-450-11, without a fine. The Twelfth Court of Appeals affirmed applicant's convictions on 25 June 2013. *Webb v. State,* Nos. 12-12-00175-CR, 12-12-00176-CR, 12-12-00177-CR, 12-12-00178-CR, 2013 Tex. App. LEXIS 7692 (Tex. App.—Tyler June 25, 2013, no pet.) (mem. op., not designated for publication). The State timely filed its response and, as applicant alleged that he received ineffective assistance from his trial counsel, Gregory A. Waldron and Tonda L. Curry, the Court granted the State's request for a designation of applicant's first and second grounds for future resolution. In compliance with the Court's designation order, Mr. Waldron and Ms. Curry filed their affidavits on 10 November and 18 November 2014, respectively.

STATEMENT OF FACTS

The State challenges all factual allegations made by applicant in his writ application and specifically denies that he is entitled to relief on any of his claims.

2

47

APPLICANT'S ALLEGATIONS

Applicant alleges two separate grounds for relief: (1) involuntary plea due to the ineffectiveness of trial counsel; (2) ineffective assistance of counsel for failure to properly investigate the facts of applicant's case, among other reasons; and (3) that the Court abused its discretion in conducting a group plea session. These claims are denied.

STANDARD OF REVIEW FOR INEFFECTIVENESS CLAIMS AND APPLICANT'S BURDEN OF PROOF

In a habeas corpus proceeding, the burden of proof is always on the applicant. *Ex parte Rains*, 555 S.W.2d 478 (Tex. Crim. App. 1977). It is thus applicant's burden to "prove by a preponderance of the evidence" that the alleged errors "contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001). In order to prevail, an applicant must present facts that, if true, would entitle him to the relief requested. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are insufficient proof of his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

3

**48**

To prevail on a claim of ineffective assistance of counsel, an applicant must meet the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, he must show: (1) deficient performance, in that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) prejudice, or a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687-88, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[W]hen a person challenges the validity of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty to the charged offense and would have insisted on going to trial." *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010) (internal quotation marks omitted).

4

**I. GROUND ONE:** Trial counsel was not ineffective for advising applicant that his sentences in each case could be stacked even though the offenses arose during the same criminal episode.

In his first ground, applicant argues that his plea was involuntarily entered due to the erroneous advice of his counsel that his sentences could be stacked even though the offenses were committed during the same criminal episode (Writ Appl. 6-7). Article 42.08 of the Code of Criminal Procedure provides in pertinent part:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly . . .

Tex. Code Crim. Proc. Ann. art. 42.08(a) (West 2014). However, "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Section 3.03(a) only prevents cumulation of sentences for offenses arising out of the same criminal episode when they are prosecuted in a single trial or plea

5

**50**

proceeding. *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995). As nothing prevented the State from prosecuting these cases in separate proceedings, trial counsel's advice regarding the cumulation of applicant's sentences was not erroneous. *See id.* Therefore, as applicant has failed to prove, by a preponderance of evidence, that his trial counsel's advice fell outside the range of competence demanded of attorneys in criminal cases, his first ground for relief should be denied.

II. GROUND TWO:  Applicant has failed to prove that his counsel's performance was deficient for any of the reasons he has alleged.

In his second ground, appellant complains that his counsel was ineffective for failing to obtain an investigator, failing to thoroughly investigate the facts of his case before advising him to plead guilty, failing to determine that the State's evidence did not include his fingerprints or DNA on the drugs, and failing to object to the group plea session (Writ Appl. 8-9). First, applicant's trial counsel did in fact hire an investigator to determine the extent of the victim's impairment from his injuries as it related to the issue of serious bodily injury (Attach. 1-2). Further, applicant fails to show, from facts contained in the record, what a more thorough investigation would have shown or how such evidence would have affected his decision to plead guilty

6

51

(Writ Appl. 8-9). *See Mooney v. State*, 817 S.W.2d 693, 697 (Tex. Crim. App. 1991) (no ineffectiveness where appellant failed to establish what, "if anything, counsel could have learned from a more thorough investigation."). Lastly, applicant fails to provide any authority for the proposition that his group plea session was somehow improper. *See Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986) (presumption of regularity with respect to guilty pleas under article 1.15 of the Code of Criminal Procedure); *Shipley v. State*, 828 S.W.2d 475, 480 (Tex. App.—El Paso 1992, pet. ref'd) (citing *McMillan v. State*, 727 S.W.2d 582, 583-84 (Tex. Crim. App. 1987) ("[A]n accused who is apprised of such rights, even when given in a group plea session, shall be found to adequately understand those rights."). Accordingly, appellant has failed to carry his burden under *Strickland*'s first prong to show that his trial counsel's performance was deficient, and his second ground for relief should be denied.

III. GROUND THREE: By failing to object at his plea hearing, applicant has forfeited his challenge to the group plea session.

In his third ground for relief, applicant argues that the Court abused its discretion in conducting a group plea admonishment with applicant and another defendant simultaneously (Writ Appl. 10). As appellant did not raise an objection to the procedure during the hearing or raise the issue on appeal,

7

**52**

he has forfeited any alleged error for review, and his third ground for relief should be denied. *See Ex parte Bagley*, 509 S.W.2d 332, 333-334 (Tex. Crim. App. 1974)

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that the Court find that there are no controverted, previously unresolved facts material to the legality of applicant's confinement; that there is no necessity for a fact-finding hearing as there is ample evidence in the record for the Court to rule on the relief sought; and that the Court enter Findings of Fact and Conclusions of Law, recommend denial of the relief sought, and send applicant hence without delay.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

AARON S. REDIKER
Assistant Criminal District Attorney
SBOT #: 24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Phone: (903) 590-1720
Fax: (903) 590-1719

8

53

**EXHIBIT**

**D**

FILED
LOIS ROGERS
DISTRICT CLERK

**CAUSE NO. 007-0448-11**

2014 NOV 10 PM 12: 34

STATE OF TEXAS

VS.

SMITH COUNTY, TEXAS 7TH JUDICIAL DISTRICT COURT

BY_____ DEPUTY IN AND FOR

MICHAEL RENARD WEBB § SMITH COUNTY, TEXAS

## Trial Counsel's Affidavit in Response to Writ of Habeas Corpus

Trial counsel has reviewed Michael Renard Webb's Application for a Writ of Habeas Corpus in Cause # 007-0447-11 and submits this affidavit in response to the claims made by Webb. Counsel was retained to represent Michael Renard Webb on his 5 cases that he had pending in Smith County, TX. Webb made the decision to go to trial before this court on the aggravated assault charge, Cause No. 007-0447-11, in 2012. Webb was found guilty by this court and sentenced to life in prison. Webb had four other cases pending, three to which he pled and one that was dismissed. Counsel had lengthy discussions with Webb regarding how to proceed with trial and Webb agreed with counsel's trial strategy. Counsel also had discussions with Webb regarding the potential of stacking of sentences after his conviction for aggravated assault. It is still counsel's position that Webb's sentences could have been stacked. Only one of the three drug cases for which he received penitentiary time occurred on the same date as the aggravated assault. The other two cases occurred on separate dates approximately 9 months prior to the aggravated assault. Counsel believes the exposure to stacked sentences was very much a real possibility based on Art. 42.08 of the Code of Criminal Procedure and Penal Code §3.03 and the facts of the case.

**41**

At no point did Webb object to having his plea taken with other unrelated defendants. The court questioned him in detail regarding this fact.

Respectfully submitted,

_____

Gregory A. Waldron, State Bar No. 00788598

**Holmes & Moore, P.L.L.C.**

P.O. Box 3267

Longview, Texas 75606

Telephone:    (903) 758-2200

Fax No.        (903) 758-7864

**STATE OF TEXAS**          §

**COUNTY OF GREGG**       §

BEFORE ME this date personally appeared GREGORY A. WALDRON, trial counsel for the Defendant in the above entitled and numbered cause, who upon oath stated as follows:

" I am the attorney for the Defendant in the above entitled and numbered cause. I have read the matters contained in this Affidavit in Response to Writ of Habeas Corpus, and all allegations therein are true and correct."

_____

ATTORNEY FOR DEFENDANT

SWORN TO AND SUBSCRIBED BEFORE ME on this the 7th day of November 2014.

_____

NOTARY PUBLIC, STATE OF TEXAS



MARTHA JO STEPHENS
MY COMMISSION EXPIRES
July 12, 2015

42

## CERTIFICATE OF SERVICE

As attorney of record for Defendant, I do hereby certify that a true and correct copy of the above and foregoing document was forwarded to the Smith County District Attorney's office this the 7th day of November, 2014.

ATTORNEY FOR DEFENDANT

43

**EXHIBIT**

**E**

22

NOV 18 2014

LOIS ROGERS
CLERK OF THE DIST. COURT, SMITH CO., TX
BY_____DEPUTY

CAUSE NO. 007-0448-11

| | | |
|---|---|---|
| STATE OF TEXAS | § | 7TH JUDICIAL DISTRICT COURT |
| VS. | § | IN AND FOR |
| MICHAEL RENARD WEBB | § | SMITH COUNTY, TEXAS |

## Trial Counsel's Affidavit in Response to Writ of Habeas Corpus

Trial counsel has reviewed Michael Renard Webb's Application for a Writ of Habeas Corpus in Cause # 007-0450-11 and submits this affidavit in response to the claims made by Webb. Counsel was retained to represent Michael Renard Webb on his 5 cases that he had pending in Smith County, TX. Webb made the decision to go to trial before this court on the aggravated assault charge, Cause No. 007-0447-11, in 2012. Webb was found guilty by this court and sentenced to life in prison. Webb had four other cases pending, three to which he pled and one that was dismissed.

Counsel had lengthy discussions with Webb regarding how to proceed with trial and Webb agreed with counsel's trial strategy. Counsel also had discussions with Webb regarding the potential of stacking of sentences after his conviction for aggravated assault. It is still counsel's position that Webb's sentences could have been stacked.

**44**

Counsel believes the exposure to stacked sentences was very much a real possibility based on Art. 42.08 of the Code of Criminal Procedure and Penal Code §3.03 and the facts of the case.

At no point did Webb object to having his plea taken with other unrelated defendants. The court questioned him in detail regarding this fact.

Webb's other accusations about counsel mouthing answers to Defendant are outrageous and false. If this Court had seen anything close to that it would have immediately stopped the pleas.

Respectfully submitted,

Tonda L. Curry
1310 ESE Loop 323
Tyler, Tx 75701
903-534-0480
903-534-5565
Bar No. 05275400

**45**

**STATE OF TEXAS** §

**COUNTY OF SMITH** §

BEFORE ME this date personally appeared Tonda L. Curry, trial counsel for the Defendant in the above entitled and numbered cause, who upon oath stated as follows:

I am the attorney for the Defendant in the above entitled and numbered cause. I have read the matters contained in this Affidavit in Response to Writ of Habeas Corpus, and all allegations therein are true and correct.

ATTORNEY FOR DEFENDANT

SWORN TO AND SUBSCRIBED BEFORE ME on this the 17th day of November 2014.

NOTARY PUBLIC, STATE OF TEXAS

KARA BARRETT
Notary Public, State of Texas
My Commission Expires
February 10, 2018

**46**