81,989-02,03,04,05

January 27, 2015

**Smith County District Clerk**
100 North Broadway, Room 204
Tyler, Texas 75702

Re:     *Ex parte Michael Regard Webb*, Case No's. 007-0447-11, 007-0048-11, 007-0449-11 & 007-0450-11 (In the 7th Judicial District Court of Smith County, Texas).

> ➤   Reply to State's Original and Supplemental Answers to Application for Habeas Corpus

Dear Clerk:

Enclosed please find the original copy of Applicant Webb's Reply to State's Original and Supplemental Answers to his Original Applications for Writ of Habeas Corpus Applications, to be filed among the papers in the above-styled and numbered causes.

Please notify Applicant at his address listed below of the date of filing and disposition of these proceedings.

Thank you for your kind attention to this matter.

Sincerely,

Michael R. Webb, TDCJ-CID#01784539
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

Enclosures

CC:

❖   Abel Acosta, Clerk
     Court of Criminal Appeals
     P.O. Box 12308
     Austin, Texas 78711

❖   Aaron S. Rediker
     Asst. District Attorney
     Smith County, Texas
     100 North Broadway, 4th Floor
     Tyler, Texas 75702

     File

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 04 2015

Abel Acosta, Clerk



| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| MICHAEL RENARD WEBB | § | 7TH JUDICIAL DISTRICT |
| APPLICANT, TDCJ-CID#01784539 | § | SMITH COUNTY, TEXAS |

## APPLICANT WEBB'S REPLY TO STATE'S ORIGINAL AND SUPPLEMENTAL ANSWERS TO HIS ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS WITH BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, your Applicant, Michael R. Webb, TDCJ-CID#01784539, proceeding in

*pro se*, in the above-styled and numbered cause pursuant to article 11.07, § 3 of the Texas Code

of Criminal Procedure, and files this, his Reply to the State's Original and Supplemental

Answer(s) to his Original Application for Writ of Habeas Corpus and in support thereof, would

show the Court as follows:

### I.

### Jurisdiction

The Court has subject matter and jurisdiction over the parties pursuant to Texas Code of

criminal Procedure, Article 11.07. *et. seq.*

### II.

### CONFINEMENT & RESTRAINT

Applicant was indicted in cause number 007-0447-11, filed in the 7th District Court of

Smith County, Texas, for the offense of Aggravated Assault on a Public servant with a deadly

1

weapon, a first degree felony. Applicant, along with his two trial attorneys, Mr. Greg Waldron and Ms. Tonda Curry, tried the case in a bench trial before the trial court, who, on April 20, 2012, found Applicant guilty as charged in the indictment and assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).[1] Applicant had three other felony charges pending at that time, which two of which resulted from the same criminal episode as the instant case.[2] A direct appeal was taken to the Twelfth Court of appeals in *Webb v. State*, No. 12-12-00175-CR, who affirmed the judgment and sentence in an unpublished opinion dated June 25, 2013.[3] No Petition for Discretionary Review was filed in this case.[4] Applicant filed his original application seeking a writ of habeas corpus in this case on September 20, 2014, as opposed to Respondent's claim the same was filed on October 01, 2014.[5] Respondent made a separate answer to the instant state writ application on

---

[1] *See* Exhibit A & B, the Indictment and judgment, respectively, in case number 007-0447-11, which also alleged one enhancement paragraph;"...[t]hat on the 30th day of July, 1998, in cause number 241-80361-98 in the 241st Judicial District Court of Smith County, Texas, the defendant was convicted for the felony offense of robbery.

[2] Applicant's related unadjudicated cases at that time were case number: 007-0448-11 for manufacture/intent to deliver a controlled substance, namely, cocaine >4g <200g, a second degree felony (enhanced) and in case number: 007-0449-11 for manufacture/intent to deliver a controlled substance, namely cocaine <1g in a drug free zone (DFZ), a third degree felony (enhanced), and case number 007-450-11, manufacture/delivery of a controlled substance, namely cocaine, <1g in a drug free zone.

[3] *See Webb v. State*, No. 12-12-0178-CR (Tex. App. – Tyler June 25, 2014, no pet.).

[4] Applicant challenged the fact he was not properly notified in a timely manner by his attorney that he could file a pro se Petition for Discretionary Review (PDR), which was denied by the Court of Criminal Appeals (CCA) in *Ex parte Webb*, No. WR-81-989-01, which was denied by same without written order on September 24, 2014.

[5] *See Ex parte Webb*, Case No. 007-0447-11-A, at 17;*also see Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013), holding in relevant portion that, "...*Coleman* was no longer valid and the mailbox rule now applies to Texas prisoners' state habeas filings. The dismissal of Richards' petition was reversed and the case remanded for further proceedings." Federal and State courts must now find that a prisoner's state writ application is considered filed on the date they sign it and place it in the prison mail box for authorities to mail on their behalf to be filed.

2

October 16, 2014.[6] Then, it subsequently filed a supplemental response to the instant writ application on December 08, 2014. This proceeding followed.

## III.

## STATEMENT OF FACTS

Applicant adopts the background facts articulated by the Twelfth Court of Appeals in its consolidated unpublished memorandum opinion entered on June 25, 2013, at the time it affirmed all of Applicant's judgment and sentences before it, as follows:

> [Applicant] was charged by indictment with the offense of aggravated assault on a public servant and three instances of manufacture or delivery of a controlled substance. On February 29, 2012, a bench trial began on the indicted offense of aggravated assault on a public servant. Ultimately, the trial court found [Applicant] guilty of the offense and made an affirmative deadly weapon finding. Sentencing was postponed until after a presentence report was prepared. On March 19, 2012, [Applicant] pleaded guilty to the remaining offenses. Each offense was enhanced under the habitual offender statute, and two of the cases contained drug-free zone enhancements. [Applicant] pleaded true to all enhancements in each case. The trial court pronounced [Applicants] sentence in each case on April 20, 2012. [Applicant] was sentenced to various terms of imprisonment in addition to being assessed court costs and in some cases, restitution. The trial court ordered [Applicant] to pay $55,432.18 in restitution and taxable court costs in the aggravated assault case. In one of the drug cases, the trial court ordered [Applicant] to pay $515.00 in restitution in addition to taxable court costs. In another of the drug cases (a drug-free zone case), the trial court ordered [Applicant] to pay $515.00 in restitution, but did not order payment of restitution in the other drug-free zone case. The certified bill of costs was not in the record when the judgments of conviction were signed. After

---

[6] For purposes of this proceeding, Applicant will refer to the Respondent's Answer as "*Answer*," followed by the page referenced.

3

[Applicant] filed his brief, the district clerk supplemented the record in each case to include a bill of costs. *Id.*[7]

*See Webb v. State*, Case Nos. 12-12-00175-CR, 12-12-00176-CR, 12-12-00177-Cr & 12-12-00178-CR.

## IV.

## APPLICANT'S ALLEGATIONS

1. Applicant complains that he was denied the effective assistance of counsel at trial in violation of the Sixth Amendment;[8]

2. Applicant complains the trial court abused its discretion by granting the defense twelve continuances to secure the attendance of an out-of-state expert witness, Dr. Thompson, but failed to intervene and assist the defense with securing these witnesses presence at trial.

*State Writ Appl.* at 6-8.

---

[7] *See* Consolidated Memorandum Opinion for *Webb v. State*, Case Nos. 12-12-12-00175-CR, 12-12-00176-CR, 12-12-00177-CR & 12-12-00178-CR.

[8] Ground one also contains sub-grounds (a) through (i), which Applicant will address individually, *infra*; (A) Failing to properly investigate all the facts and applicable law related to the instant case and failed to secure the attendance of Dr. Thompson at trial, (b) conceding that applicant committed most of the allegations in the indictment during opening statements, (c) failing to argue or attempt to argue that a brick wall was not a deadly weapon as used in his case, (d) failing to secure an "accident reproduction expert," (e) failing to secure expert medical testimony on the extent of the victim's injuries, (f) causing the exclusion of the testimony of Mr. Campbell, a witness for the defense on the victim's worker's compensation claim, (g) failing to secure testimony by a "medical forensic expert" regarding the "manner and means" of the use of a brick wall as a deadly weapon, (h) failing to provide a brief to the court on counsel's attempts to secure Dr. Thompson's testimony at trial, (i) failing to secure a writ of attachment for Dr. Thompson, and (j) failing to obtain funds from the Court to hire a private investigator.

4

# V.

## ARGUMENTS & AUTHORITIES

### *Preliminary Statement*

In the answer filed by the State, it claimed all of Applicant's claims were denied as not having merit. However, it did perceive the need for an expansion of the record, which it determined could be accomplished by obtaining affidavits from both of Applicant's trial attorneys. The trial court designated only ground one as presenting previously uncontroverted issues requiring resolution and to that end ordered both Mr. Gregory A. Waldron (lead) and Ms. Tonda Curry (second chair) to prepare and file affidavits with the clerk of the trial court. Both attorney's timely complied and the State filed their respective affidavits after being supplied with a copy of the court's order and application for writ of habeas corpus filed in this cause by the Applicant.

In his first sub-ground, Applicant avers that he was denied the effective assistance of counsel at trial in violation of the Sixth Amendment [9] by same: (a) failing to properly investigate all of the facts and applicable law related to the instant case and failed to secure the attendance of Dr. Thompson at trial, who was a vital expert to the defense. A total of twelve continuances were granted by the trial court to the defense for this specific purpose. Dr. Thompson was the chosen expert by counsel in this matter, as demonstrated by its exhaustive, I dare say, record number of continuances ever requested and granted by the trial court for this express purpose. However, neither attorney could get their act together on how to accomplish subpoenaing Dr. Thompson, who resided in Kansas at the time and was also a member of the armed services and simply

---

[9] Applicant wishes to clarify to the reviewing court that he makes these accusations of ineffective assistance of counsel collectively, versus separately against both his trial attorneys.

decided to "switch horses in mid-stream," and substitute a local doctor without any explanation to the Applicant. Dr. Thompson had originally been chosen and designated by the defense because he had previously rated the complaining witness (CW) for no further compensation by the State, which did not commensurate with the conditions which he claimed by this incident had caused him more debility, as compared to the minor injuries suffered according to Dr. Thompson (bodily injury incurred only) versus the opinion of the State's expert witness in this regard, (serious bodily injury incurred) after Dr. Thompson opined in his reports regarding workman's compensation claims made by the CW were unwarranted. This supported the defense's position and theory of the case and if that were not true, why would have defense counsel requested and obtained twelve continuances to secure the appearance of this expert witness? This is firmly grounded in the record before the Court. Dr. Thompson had also determined and expressed his opinion to counsel that the CW witness's on-going medical issues were the result of a pre-existing back injury, rather than the injuries he had sustained during the altercation with the Applicant.

## STANDARD OF REVIEW-INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The right to effective assistance of counsel as set forth in the Sixth Amendment to the U.S. Constitution has been clearly established by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). According to the Supreme Court in that case, the principles governing ineffectiveness claims should apply in Federal collateral proceedings as they do on direct appeal or in motions for new trial. An ineffectiveness claim is an attack on the fundamental fairness of the proceeding whose result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus, no special standards ought to apply to ineffectiveness claims brought by such a writ. The Supreme Court has stated the right to counsel

6

is a fundamental right of criminal defendants; it assures fairness, and thus the legitimacy of the adversarial process. *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Furthermore, the Supreme Court has recognized that the right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The standard for establishing a claim of ineffective assistance of counsel is enunciated in *Strickland v. Washington, supra*. In support of an ineffective assistance claim, the petitioner must show (1) counsel's performance was deficient, and (2) the deficient performance may have prejudiced the petitioner's case. *Strickland*, 466 U.S. at 688. Thus, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Counsel's performance must be judged on the totality of the representation. *Id.* at 670.

In the State's response to this issue, as supported by affidavits obtained by the State from trial counsel(s), it avers that "failure to call additional witnesses does not constitute ineffective assistance of counsel without a showing that the witnesses were available to testify and that their testimony would have benefitted the defendant."[10] *Id.* (citing *Brown v. State*, 334 SW3d 789, 803 (Tex. App. – Tyler 2010, pet. ref'd). Here however, Applicant does not contend that Dr. Thompson should have been called "as an additional witness," but as the primary witness which the defense had based its original theory of the defense upon and that would be that Dr. Thompson did not feel the injuries sustained by the officer during the altercation in question rose to the level of "serious bodily injury," a requisite element of aggravated assault on a public servant with a deadly weapon and had rated the CW workmen's compensations claims after evaluation accordingly. Had trial counsel not felt Dr. Thompson's testimony critical to the

---

[10] For purposes of these proceedings, Applicant will refer to the State's Supplemental Answer as "Supp. Answer," followed by the page referenced.

defense, then why did they obtain twelve consecutive continuances from the trial court to secure him to appear as an out-of-state expert witness for the defense? In reading the record before this Court one can easily discern the defense's position that this witness was critical to their adopted theory of the case that the CW had not sustained any injury that could be considered "serious bodily injury, but instead, had actually only sustained what would amount to, according to Dr. Thompson, "bodily injury" and nothing more. The record before the Court demonstrates that Dr. Thompson was available and willing to testify for the defense and had only asked that defense counsel follow proper procedure in securing his appearance legally so as not to compromise his military service obligations. There are numerous discussions in the record between the trial court and defense counsel about this issue with the trial court and state providing their opinion and offer of assistance in assisting the defense with securing this witness. However, twelve continuances later granted by the trial court with defense counsel not being capable as attorneys in securing their own defense expert out-of-state witness, the defense changed course and instead opted to call a local expert instead due to economic reasons and the trial court's frustration with their collective ineptitude.

As Applicant remains incarcerated he is unable to contact Dr. Thompson and obtain an affidavit from him concerning this matter and the trial court is unwilling to hold a live evidentiary hearing and appoint counsel to facilitate Applicant's ability to provide this Court with the necessary affidavit or deposition in regards to his experience from beginning to end with Applicant's defense attorneys and to meet the requisite requirement to show Dr. Thompson was in fact available and willing to testify and that the substance of said testimony would have been beneficial to the defense. *Cate v. State*, 124 SW3d 922, 928 (Tex. App. – Amarillo 2004, pet. ref'd). In rebuttal to trial counsel and the State's position, while it may be true a criminal

8

attorney's duty to his client may not extend to obtaining the "best or most highly qualified expert," but counsel's duty does extend to obtain the assistance of the expert witness it has claimed to the trial court through twelve continuances it had to have testify in order to provide Applicant with the effective assistance of counsel and federal due process, as well as a fair trial, which Applicant avers did not occur in his case due to counsel's incompetence in being able to secure the out-of-state expert witness it had built the defense around from the beginning. Herein is where prejudice to the defense and the abridgement of Applicant's Constitutional rights collide.

Again, while it is true that both trial attorneys now aver in their affidavits that Dr. Thompson's testimony would not have been beneficial to Applicant's case, it is contrary to their assertions to the trial court on the record before this Court when requesting and obtaining twelve continuances to secure Dr. Thompson's appearance because of his importance to the case fly's in the face of reason and borders on the fantastical and both affidavits of counsel, when compared to their testimony during their twelve requests to the trial court for continuances demonstrates by clear and convincing evidence that their current sworn averments are not credible, but are self-serving, baldly asserted conclusory statements and nothing more.

Applicant is an incarcerated prisoner proceeding pro se without the benefit of counsel and his pleadings should be liberally construed by this Court and under this backdrop, Applicant submits that he has met his burden.

In regards to Applicant's second ground, he believes that the complained of issue is valid in the face of the State and trial counsel's contentions that Dr. Thompson "really wasn't needed," and therefore, if this be true, then the trial court in granting of twelve continuances on

9

the basis of the contentions by defense counsel Dr. Thompson's testimony was necessary for the defense, then either counsel misrepresented the necessity to the trial court and sanctions for such misconduct should be brought or the trial court abused its discretion in granting such a plethora of continuances without sufficient reason to do so and denied Applicant his right to a speedy trial by doing so, prejudicing the defense. "If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error;" (citation omitted) or can they under the circumstances presented here?

## CONCLUSION

Accordingly, Applicant would respectfully request that this Honorable Court to sustain all his grounds presented for relief, [11] or in the alternative, remand this case back to the trial court with instructions to hold a live evidentiary hearing to properly develop the record before the Court in these post-conviction proceedings and appoint counsel to assist Applicant in doing his part, which he cannot do from a prison cell.

**SIGNED** on this the 27th day of January 2015.

Respectfully submitted,

Michael R. Webb, Applicant, Pro se
TDCJ-CID#01784539
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

---

[11] Since the State failed to directly address all of Applicant's issues presented in his writ application, he is aware they are deemed to be generally denied by the State..

10

## CERTIFICATE OF SERVICE

I, Michael R. Webb, Applicant, Pro se, TDCJ-CID#01784539, herein certifies that a true

and correct copy of the foregoing instrument was sent to the Respondent, by placing same, in the

prison mail box, first-class, postage paid, addressed to:

**Aaron S. Rediker**
Smith County Asst. District Attorney
100 North Broadway, 4th Floor
Tyler, Texas 75702

SIGNED on this the 27th day of January 2015.

_____
Michael R. Webb, Applicant, Pro se

11

**EXHIBIT**

**A**

12

# INDICTMENT

0070447-11

| THE STATE OF TEXAS | IN THE 241ST DISTRICT COURT |
|---|---|
| VS | OF |
| | SMITH COUNTY, TEXAS |
| MICHAEL WEBB | 1315000 F1r |

CHARGE: Aggravated Assault on a Public Servant    ARTICLE: 22.02    CONTROL #: 11-13372

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the January-June Term, 2011, of the 241st Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that on or about the 3rd day of March, 2011, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, MICHAEL WEBB did then and there intentionally, knowingly, or recklessly cause serious bodily injury to William Steinmiller by struggling against William Steinmiller and pushing William Steinmiller against a brick wall, and the defendant did then and there know that the said William Steinmiller was then and there a public servant, to-wit: City of Tyler Police Officer, and that the said William Steinmiller was then and there lawfully discharging an official duty, to-wit: attempting to detain and arrest Michael Webb for a violation of the law and warrants;

AND THE GRAND JURORS AFORESAID do further present in and to said Court that on or about the 3rd day of March, 2011, and anterior to the presentment of this Indictment, in the County and State aforesaid MICHAEL WEBB did then and there intentionally, knowingly, or recklessly cause bodily injury to William Steinmiller by struggling against William Steinmiller and pushing William Steinmiller against a brick wall, and the defendant did then and there use or exhibit a deadly weapon, to-wit: brick wall, during the commission of said assault, and the defendant did then and there know that the said Williams Steinmiller was then and there a public servant, to-wit: City of Tyler Police Officer, and that the said Williams Steinmiller was then and there lawfully discharging an official duty, to-wit: attempting to detain and arrest Michael Webb for a violation of the law and warrants;

And it is further presented that the defendant used or exhibited a deadly weapon, to-wit: brick wall, that in the manner and means of its use and intended use was capable of causing death and serious bodily injury, during the commission of or immediate flight from said offense;

Original – Pink        State's Copy – Green        Defendant's Copy – Canary

**21**

00204471-11

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 30th day of July, 1998, in cause number 241-80361-98 in the 241st Judicial District Court of Smith County, Texas, the defendant was convicted of the felony offense of Robbery;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Original – Pink        State's Copy – Green        Defendant's Copy – Canary

**22**

# EXHIBIT

# B

| THE STATE OF TEXAS | § | IN THE 7TH JUDICIAL |
|---|---|---|
| | § | |
| V. | § | DISTRICT COURT |
| | § | |
| MICHAEL RENARD WEBB | § | SMITH COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX05501439 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. KERRY L. RUSSELL | Date Judgment Entered: | 04/24/12 |
|---|---|---|---|
| Attorney for State: | D. Matt Bingham/R.Vance/C.Gatewood | Attorney for Defendant: | WALDRON, GREGORY A. |

Offense for which Defendant Convicted:

**AGG ASSAULT AGAINST PUB SERVANT**

| Charging Instrument: | | Statute for Offense: |
|---|---|---|
| INDICTMENT | | 22.02 |

Date of Offense:
03/03/11

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 1st Degree | **Not Guilty** | **AFFIRMATIVE** |

Terms of Plea Bargain:
N/A

| Plea to 1st Enhancement Paragraph: | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |
| Plea on Jurisdictional Paragraph: | N/A | | |
| Findings on Jurisdictional Paragraph: | N/A | | |

| Date Sentence Imposed: | 04/20/2012 | Date Sentence to Commence: | 04/20/2012 |
|---|---|---|---|
| Punishment and Place of Confinement: | | **Life-TDCJ** | |

### THIS SENTENCE SHALL RUN CONCURRENTLY

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| | | | ☑ AGENCY/AGENT (see below) |
| $0.00 | $308.00 | $55,432.18 | Smith County Collections Department 200 E. Ferguson, Suite 213 Tyler, TX 75702 |

Sex Offender Registration Requirements DO NOT APPLY to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was not provided.

Time Credited: **415 DAYS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Smith County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☑ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

**24**

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director of TDCJ-ID. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Smith County District Clerk's Office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Smith County, Texas on the date the sentence is to commence. Defendant shall be confined in the Smith County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Smith County District Clerk's Office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Smith County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

☒ **Attachment A, Order to Withdraw Funds in incorporated into this judgment and made a part hereof.**

Signed and Ordered on this 24th day of April, 2012.

X _____

HONORABLE KERRY L. RUSSELL
JUDGE PRESIDING





Right Thumbprint:

**25**